# Exhibit A

{00101048}

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made as of May 24, 2022 by and between Ariane Holtschlag, (the "Trustee") Trustee of the Estate of Gidewan Haile (the "Debtor") and Citibank, N.A. ("Citi"). Citi and the Trustee are hereinafter collectively referred to as the "Parties."

## RECITALS

This Agreement is made with respect to the following facts:

A. Citi issued an account to the Debtor a credit card bearing account number ending in #7825 (the "Account").

B. The Debtor filed a Chapter 7 bankruptcy petition on or about August 27, 2021.

C. The Trustee sent a demand letter requesting turnover of $2,182.58 in alleged avoidable transfers made by the Debtor to Citi prior to the filing of the Debtor's bankruptcy petition.

D. Citi denies the Trustee's claims and alleges certain defenses. The Parties expressly acknowledge that this Agreement is entered into by way of compromise and settlement only and that it is not and shall not be held or deemed to be an admission of any liability by Citi.

E. The Parties hereto, in entering into this Agreement, desire to fully and finally resolve all controversies, claims and matters of whatever nature existing between them which relate to the Account.

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing facts, and the terms and conditions set forth herein, the Parties hereto agree as follows:

1. It is hereby stipulated that each of the facts set forth in the recitals above is incorporated herein by reference.

2. The Trustee warrants and represent that she is the sole and lawful owner of all right, title and interest in and to all of the claims released hereby and that they have not heretofore

{00221525}

        voluntarily or involuntarily, by operation of law or otherwise, assigned or transferred or purported to assign or transfer to any person or entity any claim or any portion thereof.

3. In exchange for Citi's payment of TWO THOUSAND and no/100 Dollars ($2,000.00) (the "Settlement Amount") to the Trustee and other good and valuable consideration, the receipt of which is hereby acknowledged, the Trustee, her transferees, assigns, attorneys, agents, and servants, and each of them, hereby release and discharge any and all claims the Trustee or the estate has or may have against Citi, Citigroup Inc., and their respective current and former predecessors, successors, parents, Affiliates, subsidiaries, and all of the aforementioneds' respective agents, employees, officers, directors, shareholders, attorneys, collection agencies, credit reporting agencies and vendors (the "Releasees") from all claims of any kind (including any claims for damages, interest, fees and/or attorney's fees) that they may have with respect to the Account, the collection of the Account, or any other matters between the Trustee and Releasees concerning the Releasees' relationship with Debtor, including without limitation, all claims that were asserted or could have been asserted in the Bankruptcy Case or any other forum as of the date of this Agreement. For purpose of this Agreement, "Affiliates" shall include those companies, existing or which come into existence in the future, that directly or indirectly own or are owned by, control or are controlled by, or are under common control with Citigroup, Inc.

4. The Trustee further agrees that she will not file any claims, complaints, affidavits, arbitrations and/or proceedings with any court, arbitration forum, regulatory or administrative agency ("Proceedings") with respect to the matters released in this Agreement against any of the aforementioned Releasees, and any such Proceedings filed prior to the execution of this Agreement shall promptly be dismissed or withdrawn with

prejudice. This Agreement is intended to resolve forever the entire disagreement between the Trustee and Releasees with reference to the Account, and is subject to Bankruptcy Court approval.

5. The Parties agree that Citi will withdraw its proofs of claim filed in the Debtor's bankruptcy case, or, if Citi does not do so, that the Trustee may object to its proofs of claim and that Citi will not contest their disallowance.

6. The Parties hereby acknowledge that they have been represented by independent legal counsel of their own choice, and/or have voluntarily declined legal counsel, throughout all the negotiations which preceded the execution of this Agreement and that they have executed this Agreement after receiving the advice of such independent legal counsel, and without reliance upon any promise or representation of any person or persons acting for or on behalf of the other Parties except as expressly set forth in this Agreement. The Parties further acknowledge that they or counsel have had adequate opportunity to make whatever investigation or inquiry they may deem necessary or desirable in connection with the subject matter of this Agreement prior to the execution of this Agreement. Counsel for each Party has read and approved the language of this Agreement.

7. The language of this Agreement shall be construed as a whole according to its fair meaning and not strictly for or against any of the Parties.

8. This Agreement may be executed in counterparts which, taken together, shall constitute one and the same agreement and shall be effective as of the date first written above.

9. This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior negotiations and agreements, written or oral.

This Agreement may not be altered or amended except by an instrument in writing executed by all of the Parties hereto.

10. The undersigned hereby certify that they have read this entire Agreement and fully understand it.

Date: _____  _____
Ariane Holtschlag, Trustee
105 W. Madison Street, Suite 1500
Chicago, IL  60602

Date: _____  _____
Citibank, N.A.
Brandon Sargent
Vice President